UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HELGA SUAREZ CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 1:21-cv-02679 (UNA) |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff initiated this matter on October 9, 2021. Upon review of the complaint, ECF No. 1, the court found that the complaint failed to comply with Federal Rule 8(a), but provided plaintiff with a 30-day extension by which to file an amended complaint, drafted in accordance with the Federal and Local Rules of Civil Procedure. *See* Order (Oct. 20, 2021), ECF No. 5. Subsequently, plaintiff requested an additional 30-day extension, *see* ECF No. 6, which was granted by minute order on November 22, 2021. On January 10, 2022, plaintiff filed a second motion for extension to file *nunc pro tunc*, ECF No. 8, which attached the late-filed proposed 69-page amended complaint, ECF No. 8-8. Plaintiff then, on January 31, 2022, filed a third motion for extension to file *nunc pro tunc*, attaching additional exhibits in support of her request to late-file the aforementioned amended complaint.

The court will deny both motions for extension because leave to amend will not be granted when amendment would be futile. *See Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The court has reviewed the proposed prolix amended complaint, which is equally as defective as the first, and for the same reasons. As plaintiff has been previously advised, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the

Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). A complaint "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The proposed amended complaint falls within this category.

Plaintiff, a resident of Peru, sues the United States, the FBI, and several named and unnamed federal officials. As to the latter defendants, the Local Rules of this court state that a plaintiff filing *pro se* and *in forma pauperis* must provide in the complaint's caption the name and full residence address or official address of the intended defendants. *See* D.C. LCvR 5.1(c)(1). "[T]here is no provision in the federal statutes or federal rules of civil procedure for the use of fictitious defendants." *Armstrong v. BOP*, 976 F. Supp. 17, 23 (D.D.C. 1997) (citing *Saffron v. Wilson*, 70 F.R.D. 51, 56 (D.D.C. 1975) (other citation omitted)), *aff'd*, No. 97-5208, 1998 WL 65543, (D.C. Cir. Jan. 30, 1998); *Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (same); *McMillan v. Department of Interior*, 907 F. Supp. 322, 328 (D. Nev. 1995) (same), *aff'd*, 87 F.3d 1320 (9th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997).

The proposed amended complaint ranges in topics, including, but not limited to: medical malpractice, torture, discrimination, conspiracy, illegal evictions, theft, loss of personal property, reckless endangerment, personal injury, kidnapping, fraud, disability claims, and treason. Plaintiff seeks $100 million in damages and injunctive relief. Despite having filed a civil matter, plaintiff cites, in large part, to the Federal Criminal Code. It also appears that plaintiff attempts to bring claims under the Federal Tort Claims Act and the Torture Victim Protection Act, but if such claims exist, they are buried within a lengthy, poorly organized complaint, which is interspersed with exhibits that are largely illegible and provided without context. Once again, as drafted, plaintiff's proposed amended complaint fails to meet the minimal pleading standard set forth in Rule 8(a), and no defendant can be expected to decipher what claim(s) plaintiff attempts to bring or to prepare a meaningful response.

Put simply, the ambiguous and rambling allegations comprising the proposed amended complaint still fail to provide adequate notice of a claim, despite the provision of several extensions, and yet additional time for plaintiff to submit a proper pleading. Therefore, the court will deny plaintiff's motions for extension and dismiss the complaint without prejudice. An order consistent with this memorandum opinion is issued separately.

Date: March 29, 2022

_____/s/_____
AMIT P. MEHTA
United States District Judge